**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE HAYS, | ) | CASE NO. 5:22-CV-01103-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN CHARMAINE BRACY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

**I.      Introduction**

Petitioner, Terence Hays, through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Hays is an Ohio prisoner who is currently serving a mandatory prison term of five years for trafficking in marijuana. Hays asserts one ground for relief. (ECF No. 1). Respondent Charmaine Bracy filed a return of writ on October 14, 2022. (ECF No. 6). Hays filed a traverse on December 9, 2022. (ECF No. 8).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Hays's petition and other case-dispositive motions. Because Hays's sole claim is not cognizable on federal habeas review, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

**II.     Relevant Factual Background**

1

The Ohio Court of Appeals for the Ninth Appellate District set forth the following facts[1] on direct appeal:

> {¶2} On December 17, 2014, Troopers Rick Caraway and Eric Golias were training with Sergeant Stacy Arnold in criminal interdiction. The three were in a marked cruiser stationed in the median area of the Ohio turnpike facing eastbound traffic. Sergeant Arnold was in the driver's seat. There were three lanes of eastbound traffic in the area where they were stationed. They observed a silver vehicle traveling in the center lane going 65 m.p.h. in a 70-m.p.h. zone. The driver, who was subsequently identified as Hays, was looking straight ahead and the front seat passenger appeared to be looking down at the floorboards. After the vehicle passed the cruiser, the vehicle braked and slowed down more. The vehicle had Nebraska plates.
>
> {¶3} Sergeant Arnold, after talking to the two other troopers, left the median and began following the silver vehicle. Trooper Caraway observed the silver vehicle drift over into the right lane for approximately 30 to 40 yards and then drift back. After observing the traffic violation, Sergeant Arnold activated the cruiser's lights and sirens and initiated a traffic stop. The silver vehicle pulled over.
>
> {¶4} Trooper Caraway went up towards the silver vehicle and motioned Hays to come to Trooper Caraway. Hays grabbed an envelope from the visor of the silver car and jogged to Trooper Caraway. Hays produced his license, registration, and proof of insurance. While Hays had Nebraska plates, his license was issued in Colorado. Hays explained that he had a house in Colorado and that he and the passenger were driving to Boston to visit friends for the holidays. Trooper Caraway then gave the information to Trooper Golias so that Trooper Golias and Sergeant Arnold could run the information.
>
> {¶5} Trooper Caraway then approached the passenger, who was looking down at a tablet on her lap. When he tapped on the window, the passenger looked up and appeared very startled. The

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

> passenger rolled down her window and provided Trooper Caraway with her New Jersey license. She told Trooper Caraway that they were heading to Boston for a vacation and that they were staying at a hotel, but she did not know which one.
>
> {¶6} Trooper Caraway was concerned that, inter alia, Hays' and the passenger's stories differed and that they were not on the most direct route to Boston. Trooper Caraway returned to the cruiser and had Hays return to his vehicle. Trooper Caraway discussed what he had learned with Trooper Golias and Sergeant Arnold. Trooper Caraway then requested that a K-9 be dispatched to the scene.
>
> {¶7} When the K-9 arrived on the scene, the criminal history checks had not come back yet. The K-9 was walked around the vehicle and the dog alerted on the trunk area. The vehicle was then searched and over 200 pounds of marijuana was recovered from the vehicle. According to Trooper Caraway, after the K-9 alerted, the criminal history check came back indicating that both Hays and the passenger had histories of trafficking in narcotics.

*State of Ohio v. Hays*, No. 29506, 2020-Ohio-2919, ¶¶ 2-7 (9th Dist. Ohio May 20, 2020).

### III. Relevant State Procedural History

#### A. Indictment, Plea, and Sentence

The appellate court summarized Hays's indictment, plea, and sentencing:

> {¶8} An indictment was filed February 2015, charging Hays with one count of trafficking in marijuana and one count of possession of marijuana. Both counts included a forfeiture specification. Hays filed a motion to suppress/motion in limine. Hays challenged the basis of the stop and the length of the detention. A hearing was held on the motion. After the hearing, Hays filed a supplemental brief. Thereafter, the trial court issued an entry denying the motion to suppress.
>
> {¶9} Ultimately, Hays entered a plea of no contest to the indictment. At the time of sentencing, the trial court merged the possession count into the count for trafficking. Hays was sentenced to five years in prison.

*Hays*, 2020-Ohio-2919, ¶¶ 8-9.

#### B. Direct Appeal

On August 16, 2019, Hays appealed to the Ninth District Court of Appeals raising the following assignment of error:

3

> THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION IN LIMINE, MOTION TO SUPPRESS AND FAILED TO SUPPRESS EVIDENCE SEIZED AS A RESULT OF APPELLANT'S ARREST ON DECEMBER 1, 2014, ALL IN VIOLATION OF APPELLANT'S RIGHTS AS SECURED BY AMEND. IV, US. CONST. AND APPELLANT'S RIGHTS TO DUE PROCESS IN AMEND. V. U.S. CONST. AND HIS RIGHTS AS SECURED UNDER ART. I, SEC. 10 OF THE OHIO CONSTITUTION.

(ECF No. 6-1, Ex. 8-9). The State submitted a responsive brief. *(Id.,* Ex. 10). Hays filed a reply brief. (*Id*., Ex. 11). On May 13, 2020, the Court of Appeals affirmed the judgment of the trial court. *Hays,* 2020-Ohio-2919. (*Id*., Ex. 12).

With the assistance of counsel, Hays appealed to the Ohio Supreme Court, asserting the following propositions of law:

> 1. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION IN LIMINE, MOTION TO SUPPRESS AND FAILED TO SUPPRESS EVIDENCE SEIZED AS A RESULT OF APPELLANT'S ARREST ON DECEMBER 17, 2014, ALL IN VIOLATION OF APPELLANT'S RIGHTS SECURED BY AMEND. IV, U.S. CONST. AND APPELLANT'S RIGHTS TO DUE PROCESS IN AMEND V, U.S. CONST. AND HIS RIGHTS AS SECURED UNDER ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
>
> 2. APPELLANT'S COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN APPELLANT'S APPEAL BY FAILING TO ENSURE THAT THE RECORD ON APPEAL WAS COMPLETE THUS VIOLATING APPELLANT'S RIGHT TO ADEQUATE REPRESENTATION AND DUE PROCESS OF LAW, RESULTING IN APPELLANT'S APPEAL BEING CONSIDERED ON AN INCOMPLETE RECORD.

(ECF No. 6-1, Ex. 13-14). On August 18, 2020, the Ohio Supreme Court declined jurisdiction. *State of Ohio v. Hays,* 2020-Ohio-4045, 159 Ohio St. 3d 1478, 150 N.E.3d 963. (*Id*., Ex. 15).

### C. Application to Reopen Appeal

On May 21, 2020, Hays, through counsel, applied to reopen his appeal pursuant to Ohio App. Rule 26(B) in the Ninth District Court of Appeals. (*Id.*, Ex. 16). Hays raised the following assignments of error:

    1.    THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION IN LIMINE, MOTION TO SUPPRESS AND FAILED TO SUPPRESS EVIDENCE SEIZED AS A RESULT OF APPELLANT'S ARREST ON DECEMBER 17, 2014, ALL IN VIOLATION OF APPELLANT'S RIGHTS AS SECURED BY AMEND. IV, U.S. CONST. AND APPELLANT'S RIGHTS TO DUE PROCESS IN AMEND V, U.S. CONST. AND HIS RIGHTS AS SECURED UNDER ART. I, SEC. 10 OF THE OHIO CONSTITUTION.

    2.    APPELLANT'S COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN APPELLANT'S APPEAL BY FAILING TO ENSURE THAT THE RECORD ON APPEAL WAS COMPLETE THUS VIOLATING APPELLANT'S RIGHT TO ADEQUATE REPRESENTATION AND DUE PROCESS OF LAW, RESULTING IN HIS ORIGINAL ASSIGNMENT OF EROR BEING CONSIDERED IN AN INCOMPLETE RECORD.

(*Id.*). On August 31, 2020, the Court of Appeals granted the motion, ordering that the appeal proceed as an initial appeal and that the parties' briefs address the representation of appellate counsel and how that representation prejudiced Hays. (*Id.*, Ex. 35). On September 8, 2020, Hays moved for an order directing the clerk to place state's Exhibit 1, the CD containing audio and video of Hays's arrest, on the appellate record. (*Id.*, Ex. 36). The Court entered an order granting that request on September 21, 2020, at which time the record included the video of the stop. (ECF No. 6-1, Ex. 37; *see* Ex. 31, docket sheet entry 9/21/20).

On October 5, 2020, Hays briefed the Fourth Amendment issue and the issue of appellate counsel's representation (*Id.*, Ex. 18) and the State responded (*Id.*, Ex. 19). On July 14, 2021, the court of appeals upheld the ruling of the trial court denying the motion to suppress, also finding that appellate counsel had not prejudiced Hays in failing to ensure a

5

complete record. *State v. Hays,* 9th Dist. Summit No. 29506, 2021-Ohio-2393 (Ohio Ct. App. July 14, 2021). (*Id.*, Ex. 20). The appellate court determined that the record failed to show that the troopers delayed the traffic stop to wait for the K-9. *Id.* at *8. The court determined that it need not reach whether the troopers had reasonable suspicion of other criminal activity that authorized them to prolong the stop. *Id.* at *9.

Subsequently, Hays, represented by counsel, appealed to the Ohio Supreme Court, asserting the following proposition of law:

> THE TRIAL COURT AND THE NINTH DISTRICT COURT OF APPEALS ERRED WHEN THOSE COURTS OVERRULED APPELLANT'S MOTION IN LIMINE, MOTION TO SUPPRESS BECAUSE THE FACTS PRESENTED AT THE HEARING IN THE TRIAL COURT SUPPORTED A FINDING THAT THE TRAFFIC STOP WAS EXTENDED FOR A DOG SNIFF AND THUS, INTRUDED UPON APPELLANT'S LIBERTY IN VIOLATION OF RODRIQUEZ V. U.S., 575 U.S. 348, 135 S.CT. 1609, 191 L.E.D.2D 492 (4/21/2015)

(*Id.*, Ex. 21-22). On October 26, 2021, the Ohio Supreme Court declined jurisdiction of the appeal. *State v. Hays*, 175 N.E.3d 580 (Ohio 2021). (ECF No. 6-1, Ex. 23).

### D. Post-Conviction Petition

While his direct appeal was pending, on September 18, 2020, Hays, through counsel, sought post-conviction relief. (ECF No. 6-1, Ex. 24). Upon his request, (*id.*, Ex. 25), the trial court stayed proceedings during the pendency of his direct appeal (*id.*, Ex. 26). Upon completion of Hays's direct appeal, the trial court dissolved the stay and ordered further briefing. (*Id.*, Ex. 27). The State of Ohio moved to dismiss the petition (*id.*, Ex. 28); but Hays did not file any supplemental briefs. On February 21, 2022, the trial court denied Hays's petition for post-conviction relief, as barred by the doctrine of *res judicata*. (*Id.*, Ex. 29, Case No. CR-2014-12-3781-B).

6

### E. Federal Habeas Corpus

On June 22, 2022, Hays, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In his petition, he raised the following ground for relief and supporting facts:

> **GROUND 1:** The trial court erred when it overruled Petitioner's Motion to Suppress in violation of Amend IV, Amend V of U.S. Const.
>
> **Supporting Facts:** Petitioner's auto was pulled over by Ohio State Patrol. Marijuana was seized. The stop was prolonged while waiting for a K9 in violation of U.S. Supreme Court decision in Rodriquez v U.S., 575 U.S. 348 and there was no evidence to sustain prolonged detention (see brief attached).

(ECF No. 1, Page ID #: 6; *see* ECF No. 1-1).

## IV. Legal Standards

### A. Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). There is no dispute that Hays timely filed his federal habeas corpus petition within the 28 U.S.C. §2244(d) 1-year statute of limitations.

### B. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Summit

7

County sentenced Hays, and Summit County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Hays's § 2254 petition.

### C. Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

## V. Discussion

In his sole ground for relief, Hays asserts a Fourth Amendment claim that the trial court erred by denying his motion to suppress evidence because there was no evidence to support a prolonged traffic stop. (ECF No. 1 at 7). In the return of writ, Respondent argues that the claim is not cognizable. (ECF No. 6 at 8-10).

The U.S. Supreme Court and the Sixth Circuit have set forth biding precent regarding the cognizability of Fourth Amendment claims brought for habeas review. *Stone v. Powell*, 428 U.S.

465, 494 (1976); *Lawrence v. 48th Dist. Court*, 560 F.3d 475, n. 7 (6th Cir. 2009). "Ordinarily, we do not recognize Fourth Amendment claims in Section 2254 actions if the state proceedings provided the petitioner a full and fair opportunity to litigate that claim." (*Lawrence*, 560 F.3d at 483 n. 7 (citing *Powell*, 428 U.S. at 494). Specifically, in *Powell*, the Supreme Court found that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). In considering a Fourth Amendment claim on habeas review, a district court must "make two distinct inquiries… [First,] whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim…. Second, … whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). If a petitioner cannot demonstrate both elements, then his Fourth Amendment claim is not cognizable. *Id.*

Respondent asserts both that Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims and that Hays thoroughly litigated his Fourth Amendment claim concerning the allegedly unconstitutional search of his vehicle in the Ohio Courts. (ECF No. 6 at 9-11). In his Traverse, Petitioner urges the Court to adopt the dissenting opinion in *Powell*. (ECF No. 8). Petitioner argues:

> The [*Powell*] court allowed itself to rewrite jurisdictional statutes enacted by congress. [*Powell*] dissent supra at 506. The unfairness of this analysis is that if defendant (A) reaches the federal system by direct appeal via a writ of cert and appeal directly from the state court, his Fourth Amendment claim will be heard by

9

> the federal court in habeas. If, however, Defendant B's case reaches the federal system through a post-conviction petition, under the same facts and state procedure as Defendant A, his federal claim is non-cognizable.

(ECF No. 8 at 2-3). Petitioner argues that "the mechanism of the case's arrival in the federal system" has no significance and that "[t]here is no rational distinction between habeas corpus and direct appeal." (*Id.* at 3). Petitioner concludes that three supreme court justices agree with his position that due process does not "tolerate a situation where the correctness of the state court's decision is simply irrelevant[.]" (*Id.*).

Under *stare decisis*, a district court in this circuit is bound by opinions of the U.S. Supreme Court and the U.S. Court of Appeals for the Sixth Circuit. *See Gilbert v. Nat'l Emp. Benefit Companies, Inc.*, 466 F. Supp. 2d 928, 933 (N.D. Ohio 2006). Courts apply *stare decisis* even when a decision has announced a judicially created doctrine designed to implement a federal statute. *Kimble v. Marvel Entertainment*, LLC, 576 U.S. 446, 135 S.Ct. 2401, 192 L.Ed.2d 463. As noted above, the Sixth Circuit has already recognized that *Powell* forecloses Fourth Amendment habeas claims where the petitioner has been provided the opportunity for full and fair litigation of the claim. *See Berghuis*, 729 F.3d at 637–38. *See also Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000). Hays states that "[t]he target here should be to get the decision right[.]" (ECF No. 8 at 3). However, even if this Court agreed with Petitioner, it is not in a position to ignore the binding precedent; even the Supreme Court has acknowledged that "[r]especting *stare decisis* means sticking to some wrong decisions." *Kimble*, 576 U.S. at 455, 135 S.Ct. at 2409, 192 L.Ed.2d 463.

Turning to the two inquiries discussed in *Riley*, this Court agrees with Respondent that Petitioner's Fourth Amendment claim is not cognizable on habeas review. In *Riley*, the Sixth Circuit held that by providing for the filing of a pretrial motion to suppress and the opportunity

10

to directly appeal any ruling denying a suppression motion, Ohio has a mechanism in place for the resolution of Fourth Amendment claims, which "is, in the abstract, clearly adequate." *Riley*, 674 F.2d at 526. Therefore, the determination whether *Powell* applies turns solely on the resolution of the second *Riley* inquiry. *See Hillman v. Beightler*, No. 5:09-cv-2538, 2010 WL 2232635, at *5 (N.D. Ohio May 26, 2010). This second inquiry is "not meant to be a case by case review of state court determinations," but rather "is a review of whether the state provided an adequate mechanism to address Petitioner's Fourth Amendment claims." *Abdul–Mateen v. Hofbauer*, No. 98–2323, 2000 WL 687653, at *3 (6th Cir. May 19, 2000). In *Abdul–Mateen*, the court recognized that an exception was carved out in *Riley* for "egregious error in the application of [F]ourth [A]mendment principles" amounting to a refusal by the state courts to consider or apply controlling Supreme Court precedents. *See id.* (quoting *Riley*, 674 F.2d at 526) (citations omitted). In *Riley*, the Sixth Circuit explained that when an "egregious error" of such "magnitude and nature" is present, "a federal habeas court might be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner." *Riley*, 674 F.2d at 526 (emphasis added).

Hays does not assert any egregious error that denied him an opportunity for a full and fair hearing. (*See* ECF No. 8). Instead, it is clear from the record that Hays was able to fully and fairly litigate his Fourth Amendment claim in the state courts and that he is merely unhappy with the result. Hays moved to suppress all evidence found during the traffic stop in which the state troopers seized duffle bags of marijuana, arguing that the stop was baseless and the detention unduly prolonged. (ECF No. 6-1, Ex. 3). On June 4, 2015, the trial court held a hearing on the motion. (*Id.*, Ex. 4). After the hearing, Hays filed a supplemental brief. (*Id.*, Ex. 5). The trial court denied the motion to suppress and issued findings of fact and conclusions of law to support

its ruling. (*Id*., Ex. 6). Hays then raised the issue on direct appeal and again in his Ohio App. R. 26(B) application to reopen his appeal. (*Id.,* Ex. 9, 16). In this application, Hays asserted that his initial appellate review was deficient because appellate counsel failed to include the video of the stop as part of the appellate record. (*Id.*, Ex. 16). The appellate court reopened the appeal and considered the issue anew. (*Id.,* Ex. 20). Hays also presented his Fourth Amendment issue in his memoranda in support of jurisdiction to the Ohio Supreme Court (*id.*, Ex. 14, 22), which denied jurisdiction (*id.*, Ex. 23). Hays does not dispute that he litigated the issue in State court. (ECF No. 8).

Accordingly, Hays's sole ground for relief challenging the search and seizure of evidence under the Fourth Amendment, is barred from review under the Supreme Court's *Powell* decision. This Court recommends dismissing Hays's Fourth Amendment argument concerning his motion to suppress as not cognizable. *Riley*, 674 F.2d at 526-27.

## VI. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

**B. Analysis**

Hays's sole ground for relief is not cognizable. If the Court accepts the foregoing recommendation, then Hays has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

**VII. Recommendation**

Hays has presented only a not cognizable claim. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: January 26, 2024

                                       *s/Carmen E. Henderson*
                                       Carmen E. Henderson
                                       United States Magistrate Judge

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).