UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERENCE HAYS, ) | Case No. 5:22-cv-1103 |
| ) | |
| Petitioner, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Carmen E. Henderson |
| CHARMAINE BRACY, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 9) in this habeas action. The Magistrate Judge recommends that the Court dismiss the petition for a writ of habeas corpus because the sole ground asserted is barred from review, which would have the effect of denying relief.

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 9, PageID #612–16.) In short, the State trial court denied Mr. Hays' motion to suppress evidence, and he ultimately entered a plea of no contest to two counts, trafficking in marijuana and possession of marijuana. (*Id.*, PageID #613.) After the State trial court merged the two counts, Mr. Hays was sentenced to five years in prison. (*Id.*) Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*, PageID #613-17.)

Petitioner asserts one ground for relief, contending that his constitutional right against unreasonable searches and seizures was violated. (ECF No. 1, PageID

#26–34.) The Magistrate Judge recommends that the Court deny the ground because U.S. Supreme Court precedent, *Stone v. Powell*, 428 U.S. 465 (1976), and subsequent Sixth Circuit precedent, *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), bar his Fourth Amendment claim. (ECF No. 9, PageID #618–22.) The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may forfeit the right to appeal the Court's order. (*Id.*, PageID #623.)

The Report and Recommendation was filed on the docket on January 26, 2024 (ECF No. 9) and electronically served on Petitioner's counsel the same day. Nonetheless, Petitioner has failed to object to the Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified that a failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733

(1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal. *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 9) and **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED**.

Dated:  February 15, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3